NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMALL WASHINGTON,<br><br>           Plaintiff<br><br>   v.<br><br>C.O. LANE, et al.,<br><br>           Defendants | Civil No. 22-7015 (RMB/EAP)<br><br>OPINION |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon the civil rights complaint under 42 U.S.C. § 1983 (Docket No. 1) filed *pro se* by Plaintiff Jamall Washington, a pretrial detainee in Atlantic County Justice Facility. Plaintiff submitted an application under 28 U.S.C. § 1915(a) (Docket No. 1-2), which establishes his financial eligibility to proceed *in forma pauperis*, and the application will be granted. For the reasons discussed below, the Court will dismiss the complaint without prejudice.

**I. *Sua Sponte* Dismissal**

When a person is granted IFP status, courts must review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## II. DISCUSSION

### A. The Complaint

Plaintiff identifies two defendants under the "Parties" section of his complaint. First, he alleges that Defendant C.O. Lane, a corrections officer at Atlantic County Justice Facility:

> [f]ailed to be in proper detection and position inside his bubble [Officer's Bubble] to monitor both sides for safety and security for CL & CR pods. Also causing my assaulting to be prolong for by his negligences as a Senior Correctional placing his trust in and for full and/or partial convicts and/or allege criminals.

(Compl., Docket No. 1, ¶ 4(b)). Second, Plaintiff alleges Sgt. Yacob, Management Staff Sergeant:

> Failed to comprehen[d] my request after immediately reporting to her and Sgt. Liberty as well as the rest of the arriving custody officers during medication line and for lockdown. Falisfying my disciplinary report by cruel and unusual punishment that accompany the acts of monopolistic practices recorded and filed.

(*Id.*) In the caption of the complaint, Plaintiff identifies Inmate Naylor and Atlantic County Justice Facility as defendants. Plaintiff makes no allegations specific to Atlantic County Justice Facility.

In the "Statement of Claims" section of his complaint, Plaintiff alleges Inmate Naylor entered Plaintiff's cell on November 19, 2022, dropped a bag of trash in the cell, and asked Plaintiff to roll up, or in other words, to leave the cell. Plaintiff refused and Naylor began to assault Plaintiff. The complaint is difficult to follow, but it appears that other inmates became involved in the fight, and Plaintiff

ultimately was forced to leave his cell and report to C.O. Lane in the Officer's Bubble before any officers responded to the inmate fight. This Court is unable to determine from the largely incoherent allegations whether any defendant was allegedly aware of the inmate fight, had the opportunity to respond, but failed to do so. Plaintiff, however, alleges C.O. Lane failed to monitor the pods from inside the Bubble.

The Court also notes that Plaintiff filed several exhibits to the complaint. (Docket Nos. 1-1 and 2.) Plaintiff should be advised that exhibits or letters to the Court do not serve as amended or supplemental complaints. Amended and supplemental complaints are governed by Federal Rule of Civil Procedure 15. If Plaintiff intended to raise additional claims not identified by this Court below, he should file an amended complaint that clearly spells out the conduct of each defendant, and how that conduct violated Plaintiff's constitutional rights.

B. **Failure to Protect Claim Under 42 U.S.C. § 1983**

To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). An inmate in a county jail who assaults another inmate is not acting under color of state law. Therefore, this Court will dismiss the claim against Inmate Naylor with prejudice because amendment of the § 1983 claim against him is futile. The Court will also dismiss Atlantic County Justice Facility as a defendant because a county jail is not a "person" who is subject to liability under § 1983. *See, Edwards v. Northampton Cnty.*, 663 F. App'x 132, 136 (3d

Cir. 2016) (per curiam) (holding Northampton County Prison is not a "person" subject to suit under section 1983 (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).

The Third Circuit has not addressed, in a precedential opinion, the standard governing a pretrial detainee's failure-to-protect claim under the Fourteenth Amendment Due Process Clause. *Paulino v. Burlington Cnty. Jail*, 438 F. App'x 106, 109 (3d Cir. 2011). In dicta, the Third Circuit has applied a deliberate indifference standard to such claims. *Id.* (citing *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1024 (3d Cir. 1991)). This Court will apply the deliberate indifference standard here. Therefore, Plaintiff must allege that C.O. Lane was deliberately indifferent to the risk of assault on Plaintiff by other inmates. Plaintiff alleges C.O. Lane is liable because he failed to monitor the "pods" when Plaintiff was assaulted. This claim sounds in negligence. Deliberate indifference is a higher standard than negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A plaintiff must allege facts suggesting the defendant "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Plaintiff fails to allege facts indicating that C.O. Lane knew of an excessive risk to Plaintiff's safety if he did not remain in the Officer's Bubble. Therefore, this Court will deny Plaintiff's failure to protect claim without prejudice.

### C. First Amendment Retaliation Claim

This Court construes Plaintiff's allegation that Sergeant Yacob falsified a disciplinary report against him as a First Amendment retaliation claim. There are three elements to a First Amendment Retaliation claim:

> (1) that [the plaintiff] engaged in constitutionally protected conduct; (2) an adverse action by prison officials which is sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the exercise of [the plaintiff's] constitutional rights and the adverse action taken against him. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir.2001); *see also Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir.2000).

*Bendy v. Ocean Cnty. Jail*, 341 F. App'x 799, 801–02 (3d Cir. 2009). Plaintiff alleges an adverse action by Sergeant Yacob, writing a false disciplinary report against Plaintiff. Plaintiff has not alleged that Sergeant Yacob's conduct was in retaliation for Plaintiff engaging in constitutionally protected conduct, nor has Plaintiff alleged sufficient facts to establish a causal link between Sergeant Yacob writing a false disciplinary report and Plaintiff's exercise of constitutionally protected conduct. Therefore, the Court will dismiss this claim without prejudice.

### III. CONCLUSION

For the reasons stated above, the Court will dismiss the § 1983 claims against Defendants C.O. Lane and Sergeant Yacob without prejudice. The Court will dismiss the § 1983 claim against Inmate Naylor with prejudice because he is not a state actor. The Court will dismiss the §1983 claim(s) against Atlantic County Justice Facility with prejudice because it is not a proper defendant to a § 1983 claim.

Plaintiff is granted leave to amend his complaint against Defendants C.O. Lane and Sergeant Yacob.

An appropriate Order follows.

DATE: **July 6, 2023**         s/Renée Marie Bumb
                               Renée Marie Bumb
                               Chief United States District Judge